UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNELL B. WINGFIELD,

    Plaintiff,

-vs-                                                  Case No. 8:09-cv-1090-T-24-TBM

SOUTH UNIVERSITY OF FLORIDA, INC. and
DORIS PARRISH,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on the motion to dismiss Counts I, II, III, V, VIII, IX, and X of the Complaint, filed by Defendant South University of Florida ("South") (Doc. 4). Plaintiff opposes the motion as to Counts III, V, and IX. (Doc. 15.) As Defendant's motion is unopposed as to Counts I, II, VIII, and X, the Court hereby GRANTS Defendant's motion to dismiss as to those four counts and proceeds to consider the merits of the motion as to Counts III, V, and IX.

**STANDARD OF REVIEW**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## BACKGROUND

Plaintiff was employed by Defendant South as a nursing instructor on South's Tampa campus from 2006 until 2008. During her employ with Defendant, she taught classes, performed research, and worked toward her PhD. Plaintiff's Complaint indicates that she went above and beyond her required four-day-per-week schedule, working five or six days per week, often after regular working hours, and for longer hours than most of her colleagues. Approximately two years after she began her employment with Defendant, she was placed on forced sick leave without pay and, eventually, discharged.

Prior to working for Defendant, Plaintiff was a Captain in the Air Force, during which time she sustained injuries to her legs resulting in a permanent disability. In January of 2007, Plaintiff sustained further injuries after walking into a table. These injuries required her to use a wheelchair for three months. Plaintiff informed her supervisor, Defendant Parrish, of the injuries but continued to work everyday. Then, in October of 2007, Plaintiff was in a car accident and

2

sustained severe damage to her hip, rib, sternum, back, neck, shoulder, and knee. Her doctor gave her a note placing her on bed rest, which she gave to her supervisor, Defendant Parrish, after informing her of the accident. Nevertheless, Plaintiff still continued to work and to teach all of her classes.

In April of 2008, Defendant Parrish, asked Plaintiff to teach an additional four hours of laboratory courses. Plaintiff, in response, provided Defendant Parrish with a note from her physician stating that she should not take on additional duties due to her medical condition. Plaintiff asked that she be allowed not to teach the additional hours, as an accommodation of her medical condition. Defendant Parrish denied Plaintiff's request and placed Plaintiff on sick leave without pay until Plaintiff could provide a doctor's note clearing her for work without limitation. Plaintiff's doctors were unable to provide such a note. Plaintiff contacted the President of South about allowing her to return to work without the additional hours of teaching, but the President chose not to become involved in the dispute between Plaintiff and her supervisor. Plaintiff continued to voice complaints about being placed on mandatory unpaid sick leave to the President and to Defendant South's Human Resources department, but the issue remained unresolved. So, in August of 2008, Plaintiff filed a discrimination charge with the EEOC, which later granted her a "Right to Sue" letter, after failing to act for 180 days. Plaintiff brought the present suit in May of 2009.

At issue presently are three Counts brought by Plaintiff: Count III, which alleges Defendant South wrongfully terminated Plaintiff because of her handicap, in violation of the Florida Civil Rights Act ("FCRA"), Count V, which alleges that Defendant South failed to make a reasonable accommodation for Plaintiff's handicap, in violation of the FCRA, and Count IX,

which alleges that Defendant limited, segregated, and/or classified Plaintiff on the basis of her handicap, in violation of the Americans with Disabilities Act ("ADA").

## DISCUSSION

<u>Counts III & V</u>
<u>Violating the FCRA by Terminating Plaintiff Because of her Disability and Failing to Make a Reasonable Accommodation for Plaintiff's Disability</u>

Defendant moves to dismiss Counts III and V, claiming that Plaintiff has not exhausted her administrative remedies with the Florida Commission on Human Relations ("FCHR"), with regard to her FCRA claims. Plaintiff responds that she satisfied her prerequisite administrative obligations under the FCRA by filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), which should have been considered "dually filed" with the FCHR, and thereafter receiving a "Right to Sue" letter from the EEOC after the EEOC failed to take action on her claim within 180 days.

In order to sue for violations of the FCRA, a claimant must first have exhausted her civil remedies. First, a potential plaintiff must file a charge with the FCHR within 365 days of the alleged violation, naming the persons or entities involved, describing the violation, and stating the relief sought. Fla. Stat. § 760.11. If the FCHR determines that there is reasonable cause to proceed, or if the FCHR fails to make a determination as to reasonable cause within 180 days of the filing, the claimant may bring a civil suit for the violation. *Id.* § 760.11(4),(8). However, "Under the so called 'work-sharing agreement' between the EEOC and the FCHR, a filing with a single agency constitutes dual filing." *Mason v. K Mart Corp.*, F. Supp. 2d 1333, 1336 (M.D. Fla. 1998) (finding the plaintiff's filing with the EEOC to constitute filing with the FCHR); *see also Segura v. Hunter Douglas Fabrication Co.*, 184 F. Supp 2d 1227, 1228 (M.D. Fla. 2002).

Additionally, the FCRA states that the date that a complaint with the FCHR will be considered to have been filed "is the earliest date of filing with the Equal Employment Opportunity Commission, the fair-employment-practice agency, or the [FCHR]." *Id.* § 760.11(1).

Defendant claims that Plaintiff failed to file her FCRA claims with the FCHR and therefore is prohibited from bringing Counts III and V. Plaintiff claims that filing her charge with the EEOC fulfilled her administrative requirement. On August 12, 2008, Plaintiff filed a charge with the EEOC regarding Defendant's discrimination against her on the basis of her handicap. The face of the charge stated that it was meant to be presented to the EEOC and the Florida Commission on Human Relations. (Doc. 19, p. 22.) Filing of the charge with the EEOC was, for purposes of Plaintiff's administrative requirements, a dual filing with the FCHR. The charge, while mentioning Title VII and the ADA, also described her allegation that she was put on mandatory sick leave without pay and eventually discharged, rather than accommodated, on the basis of her disability. The EEOC took no action on the charge for 180 days and gave Plaintiff a right to sue letter from the EEOC on that basis.

The Court finds that 1) by filing her charge with the EEOC that 2) stated that the charge was also for the consideration of the FCHR and 3) that described the conduct giving rise to Counts III and V, and by 4) receiving her letter to sue, Plaintiff satisfied her administrative prerequisites to bringing Counts III and V under the FCRA.

Count IX
Violating the ADA by Limiting, Segregating, and/or Classifying Plaintiff on the Basis of Her Disability

Defendant moves to dismiss Count IX on the ground that Plaintiff's charge with the EEOC contained insufficient information to put either Defendant or the EEOC on notice that she

was claiming a violation of 42 U.S.C. § 12112, which prohibits discriminating against an employee based on her disability. Plaintiff responds that her EEOC allegation that she was put on forced sick leave without pay and eventually discharged on the basis of her disability constituted sufficient notice of her claim.

The ADA prohibits limiting, segregating, or classifying a[n] . . . employee in a way that adversely affects the opportunities or status of such . . . employee because of [her] disability." 42 U.S.C. § 12112(b). To file suit for a violation of the ADA, a plaintiff must first file a claim with the EEOC that puts the commission and the potential defendant on notice of the claims that will be brought in the civil suit. The civil complaint that a plaintiff may bring is limited to issues that would fall within the scope of the investigation that the EEOC charge would be reasonably likely to trigger. *Gregory v. Ga. Dept. of Human Resources*, 355 F. 3d 1277, 1280 (11th Cir. 2004). In other words, a civil complaint may include allegations of discrimination "like or related to" allegations contained in the EEOC charge. *Sanchez v. Standard Brands, Inc.*, 431 F. 2d 455, 466 (5th Cir. 1970).

The Court notes that Plaintiff's charge with the EEOC specifically alleged a violation of the ADA. The Court further notes that the factual allegation included by Plaintiff in her EEOC charge explained she was placed on forced, unpaid sick leave and eventually terminated because of her disability. The Court, therefore, finds that the allegations in the charge are sufficiently linked or related to the claim raised in Count IX so as to reasonably trigger an investigation into the matters that underlie the claim. Plaintiff's EEOC charge is sufficient to allow Plaintiff to bring her claim that Defendant violated the ADA by "limiting, segregating, or classifying [Plaintiff] in a way that adversely affect[ed] [her] opportunities or status . . . because of [her]

6

disability."

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion to dismiss is GRANTED as to Counts I, II, VIII, and X, and DENIED as to Counts III, V, and IX.

DONE AND ORDERED this 15th day of July, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record