UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNELL B. WINGFIELD,

    Plaintiff,

v.                                                      Case No.: 8:09-cv-01090-T-24-TBM

SOUTH UNIVERSITY OF FLORIDA, INC.,

    Defendant.
_____/

**ORDER DENYING
ATTORNEY'S FEES**

The Court now considers the motion by Defendant South University of Florida, Inc. seeking attorney's fees pursuant to 42 U.S.C. § 12205 as the prevailing party in this disability discrimination case under the Americans with Disabilities Act ("ADA"). (Doc. 90.) Defendant Lynell B. Wingfield has not yet responded to the motion.

Although the Court granted South University summary judgment on all of Wingfield's claims, the Court did not consider Wingfield's claims frivolous, unreasonable or without foundation. Wingfield's claims rested on an arguable basis in law and fact. Therefore, the Court will not award South University attorney's fees under § 12205.

**ANALYSIS**

Because the Court provided a detailed background of Wingfield's claims in its order granting summary judgment (Doc. 86), it will not repeat the relevant background here.

1

Generally, parties pay their own attorney's fees in the United States. However, this rule has exceptions. Congress has passed scores of fee-shifting statutes to achieve different public policy goals.[1] One of these statutes, 42 U.S.C. § 12205, allows a court "at its discretion" to award a prevailing party attorney's fees. A district court evaluating an attorney's fee motion under § 12205 applies the standard set out in Christianburg Garment Co. v. Equal Employment Opportunity Commission.[2] Under the Christianburg standard, a district court may exercise its discretion to award attorney's fees to a prevailing defendant if it finds that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[3] But as the Eleventh Circuit recently reaffirmed, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[4]

In this case, South University asks the Court to find Wingfield's claims frivolous because the Court found that Wingfield presented no evidence to support her claim that her leg ailments substantially limited the major life activities of walking and standing, as required by the ADA.[5] The Court's ruling, however, does not mean that Wingfield presented no evidence of an impairment or a limitation of her ability to walk and stand. Wingfield presented evidence that

---

[1] Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978) (internal citations omitted).

[2] Id. The Eleventh Circuit applied the Christianburg standard to ADA cases in Bruce v. City of Gainesville, Ga., 177 F.3d 949, 951-52 (11th Cir. 1999).

[3] Hodges v. Publix Supermarkets, Inc., No. 09-14591, 2010 WL 1337703 (11th Cir. April 7, 2010) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

[4] Id.

[5] Toyota Motor Mfg. v. Williams, 534 U.S. 184, 196-97 (2002).

her impairment hindered her ability to walk and stand. Her evidence, however, was simply legally insufficient to prove a *substantial* limitation. Because a Court cannot grant summary judgment if any genuine issue of material fact exists, Wingfield's argument for attorney's fees would make the grant of attorney's fees the rule, rather than the exception. The absence of evidence of a genuine issue cannot open the gate to attorney's fees without distorting the limited purpose of the ADA's fee-shifting provision. A losing case is simply not the same as a frivolous one.

Although South University analyzes the three factors in Sullivan v. School Board of Pinellas County in arguing for attorney's fees,[6] the Eleventh Circuit has made it clear that the Sullivan factors are "general guidelines only, not hard and fast rules, and determinations regarding frivolity are to be made on a case-by-case basis."[7] Therefore, the Court does not find that Wingfield's failure to meet two of the three Sullivan factor by failing a prima facie case, resulting in the Court's judgment before trial, justifies an attorney's fee award under these circumstances.

In addition, the Court does not find Wingfield's conduct unreasonable merely because she did not accept South University's unspecified "nominal" settlement offer made at court-ordered mediation on February 25, 2010.[8] Earlier in September 2009, Wingfield had offered to settle for $150,000. South University not only rejected the offer, but apparently foreclosed any

---

[6] 773 F.2d 1182, 1189 (11th Cir. 1985). The Sullivan factors are: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Id.

[7] Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1176-77 (11th Cir. 2005).

[8] In analyzing a settlement offer "the amount of the offer must be considered in determining whether the offer militates against a finding of frivolity." Lawver v. Hillcrest Hospice, Inc., 300 F. App'x 768, 774 (11th Cir. 2008).

3

future offers outside of its nominal offer.[9] A plaintiff does not act unreasonably merely because she insists on her right to have a court decide her claim. Wingfield's failure to return to work at South University, which would have mitigated her damages, may have been economically unsound, but it was not unreasonable for the purpose of awarding attorney's fees. A litigant has the right to persist, on principle, with a claim for a small sum of money.

Finally, the conduct during the "drawn-out and contentious discovery" phase of this lawsuit does not weigh in favor of an attorney's fees award. Unfortunately, the Court has seen far more bitter discovery battles than this one. Moreover, both sides share the blame for the contentiousness in this case. The Magistrate Judge in an October 29, 2009 order found that some of the comments by South University's counsel during Wingfield's first deposition "appear unnecessary, sarcastic, and likely insulting," causing Wingfield and her counsel to walk out. (Doc. 34.) Having read both of Wingfield's depositions, this Court cannot disagree with the Magistrate Judge's assessment. Nor did the Court find the settlement letter sent to South University's counsel to be "harassing." (Doc. 90-1, Exhs. A, B.) In fact, the Court notes that Wingfield's counsel did not oppose the early entry of judgment in favor of Defendant Doris Parrish on Count XI, a defamation claim. Wingfield's cooperation allowed the Court to resolve Count XI quickly and potentially allowed Parrish to recover her court costs earlier than normal. (Docs. 59, 60.)

## CONCLUSION

---

[9] In an e-mail to Wingfield's counsel, South University's counsel wrote: "Today, I received yet another harassing letter via fax regarding settlement. . . . My communication to you was clear: none of my clients wishes to settle what we regard as a summary judgment case." (Doc. 90-1.)

4

The Court did not consider Wingfield's claims to be frivolous and, even it had, would not exercise its discretion to award attorney's fees under these circumstances. Therefore, South University's motion for attorney's fee (Doc. 90) is **DENIED.**

**IT IS SO ORDERED.**

*Done on July 6, 2010.*

SUSAN C. BUCKLEW
United States District Judge