UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNELL B. WINGFIELD,

    Plaintiff,

v.                                              Case No.: 8:09-cv-01090-T-24-TBM

SOUTH UNIVERSITY OF FLORIDA, INC.,

    Defendant.
_____/

## ORDER DENYING RECONSIDERATION

The Court now considers Plaintiff Lynell B. Wingfield's motion for reconsideration of the Court's order granting Defendant summary judgment on all remaining claims. (Doc. 93.) Defendant South University of Florida Inc. has not yet responded to the motion.

Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Int'l Union of Painters v. Argyros, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted). A party seeking rehearing has the burden to "demonstrate why the court should reconsider its prior decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. To establish a basis for rehearing, Plaintiffs must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." Id.

Wingfield argues that the Court clearly erred by failing to consider the three factors in Garret v. University of Alabama at Birmingham Board of Trustees, 507 F.3d 1306, 1311 (11th

1

Cir. 2007), in determining that Wingfield did not to create a genuine issue of material fact for a jury to decide that she suffered from a statutorily protected disability under the Americans with Disabilities Act. Wingfield is mistaken. The Court considered these factors.

Therefore, the Court did not clearly err in its legal analysis in granting the Defendant summary judgment. Accordingly, Wingfield's Motion for Reconsideration (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

*Done on July 14, 2010.*

SUSAN C. BUCKLEW
United States District Judge